352 So.2d 148 (1977)
Raymond BRITT, Appellant,
v.
STATE of Florida, Appellee.
No. 76-1371.
District Court of Appeal of Florida, Second District.
November 23, 1977.
As Amended December 2, 1977.
Jack O. Johnson, Public Defender, Bartow, and J. Marion Moorman, Sp. Asst. Public Defender, Winter Haven, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
RYDER, Judge.
Appellant Raymond Britt entered a plea of guilty to a charge of breaking and entering a building other than a dwelling house with intent to commit a misdemeanor. The trial court adjudicated him guilty and sentenced him to a term of fifteen years in prison with credit for jail time. The court immediately suspended said sentence and placed appellant on fifteen years probation.
Subsequently, appellant's probation supervisor filed an affidavit alleging that appellant had violated the terms of his probation. Appellant entered a guilty plea to these violations and the trial court sentenced him to five years in prison followed by probation for the balance of the original fifteen year sentence.
Thereafter, appellant moved to withdraw his pleas of guilty to the original charge and to the probation violation charge and to *149 vacate the sentence imposed upon him. This motion we deem to have been filed pursuant to Fla.R.Crim.P. 3.850. After hearing, the trial court denied the motion and appellant appeals.
Appellant argues the trial judge should have granted his motion to set aside his pleas because he did not enter into those pleas voluntarily because both his own court-appointed counsel and the court led him to believe the maximum sentence was fifteen rather than five years.
It is clear from the facts of this case that there was a general misapprehension among all the parties involved as to the length of the time which appellant could be imprisoned. Even the trial court believed that appellant could receive a fifteen year sentence when, in fact, under Sections 810.05 and 775.082(5), Florida Statutes (1973), appellant could only receive a five-year sentence.
A person induced to give up his right to a trial by a misapprehension of circumstances surrounding his plea is entitled to vacation of any judgment and sentence resulting from such a plea. Bartz v. State, 221 So.2d 7 (Fla.2d DCA 1969).
In view hereof, the order appealed from should be, and is hereby, reversed; and this cause is remanded for further proceedings not inconsistent herewith.
OTT, Acting C.J., and McNULTY, JOSEPH P. (Ret.), Associate Judge, concur.