ORFINGER, Judge.
The record reflects that appellant pleaded nolo contendere to eleven counts of a twelve-count information. One of the counts was nolle prossed by the State. There was no reservation of a right to appeal any ruling by the trial court. The order of disposition adjudged appellant guilty on all twelve counts.
Both appellant and appellee agree that the trial court made a clerical mistake in including case number JU 78-3787 in the order of disposition. This was the case nolle prossed by the State, so the order of disposition is modified by excluding therefrom case no. JU 78-3787.
Appellant next contends that the record does not clearly show that the trial court adequately inquired of appellant regarding his understanding of the constitutional rights he was waiving by the entry of the plea.
The appeal must be dismissed because we are without jurisdiction. A defendant may not appeal from a judgment of conviction entered upon a plea of nolo contendere without a reservation of the right to appeal from a prior specifically identified order of the trial court. Rule 9.140(b)(1), Fla.R. App.P.[1]
There was no reservation of the right to appeal, and no motion to withdraw the plea was made to the trial court. In Robinson v. State, 373 So.2d 898 (Fla.1979), the Supreme Court held that although matters which occur contemporaneously with a plea of guilty or nolo contendere may be the subject of a direct appeal,
[i]f the record raises issues concerning the voluntary or intelligent character of the plea, that issue should first be presented to the trial court in accordance with the law and standards pertaining to a motion to withdraw the plea.
Id. at 902.
One of our sister courts has expounded on that principle in Counts v. State, 376 So.2d 59 (Fla. 2d DCA 1979), and has held that a motion to withdraw a plea of guilty is a prerequisite to a direct appeal challenging the voluntariness of the plea. We concur, and hold that the same principle applies to a plea of nolo contendere entered without a reservation of the right to appeal.
The appeal is dismissed insofar as it questions the voluntariness of the plea without prejudice to appellant to seek appropriate collateral relief. As modified, the order of disposition is otherwise affirmed.
AFFIRMED as modified.
DAUKSCH, C. J., and SHARP, J., concur.

. See also 3.172(c)(iv), Fla.R.Crim.P.