394 So.2d 230 (1981)
William Henry CLEVELAND, Appellant,
v.
STATE of Florida, Appellee.
No. 80-910.
District Court of Appeal of Florida, Fifth District.
February 25, 1981.
William Henry Cleveland, in pro. per.
Jim Smith, Atty. Gen., Tallahassee, and Edward M. Chew, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
The appellant, as the defendant below, negotiated a plea and sentence before the trial court in return for the dismissal by the state of other counts against him. He then challenged the sentence as illegal pursuant to Florida Rule of Criminal Procedure 3.850. He was sentenced to ten years imprisonment for attempted armed burglary, a third-degree felony with a maximum term of five years. State v. Sudol, 357 So.2d 761 (Fla. 4th DCA 1978). Therefore, the negotiated sentence is illegal.
In accordance with our opinion in Jolly v. State, 392 So.2d 54 (Fla. 5th DCA 1981), we vacate the plea, the judgment and sentence, and reinstate the dismissed counts; provided, however, if the state should exercise its option to accept the plea with the sentence reduced to a legal term, then the other counts shall again be dismissed and the plea and the judgment shall stand as the predicate for a new sentence consistent with Florida law. See §§ 777.04(4)(c) and 775.082(3)(d), Fla. Stat. The affirmative exercise of the option to accept the plea accompanied by a legal sentence shall be exercised by the state before the trial court *231 within thirty (30) days of the issuance of the mandate herein; otherwise, the case returns to its status before the original plea bargain.
REVERSED and REMANDED for further proceedings consistent with this opinion.
DAUKSCH, C.J., and ORFINGER, J., concur.