399 So.2d 1043 (1981)
Roosevelt PEAK, Appellant,
v.
STATE of Florida, Appellee.
No. 80-1073.
District Court of Appeal of Florida, Fifth District.
June 10, 1981.
James B. Gibson, Public Defender, Michael S. Becker, Asst. Public Defender, and Thomas R. Mott, Certified Legal Intern, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Edward M. Chew, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
Appellant entered a plea of nolo contendere to one count of attempted murder and two counts of burglary, without reserving the right to appeal any ruling of the trial court. Pursuant to the plea bargain negotiations, he was given a split sentence of five years imprisonment (with a minimum mandatory sentence of three years because a firearm was used) to be followed by ten years probation on the attempted murder count, and three years concurrent probation on each of the burglary counts.
He contends on appeal that his plea was not voluntary because he was not advised of the three-year minimum mandatory sentence, and asks that we permit him to withdraw his plea. We have limited jurisdiction to entertain an appeal from a judgment based on a nolo plea where nothing has been reserved for appeal.[1] Any contention that the plea was not of a voluntary or intelligent character should first be presented to the trial court in a motion to withdraw the plea. Robinson v. State, 373 So.2d 898 (Fla. 1979); In the Interest of S.C. v. State, 388 So.2d 643 (Fla. 5th DCA 1980).
Appellant also contends on appeal that the split sentence is improper under the principles of Villery v. Florida Parole & Probation Commission, 396 So.2d 1107 (1981) [1981 FLW 313]. However valid his contention might be had the sentence followed a trial and conviction, here it resulted from a plea bargain and we cannot give the appellant relief from his bargain without also offering the state the same relief. See Jolly v. State, 392 So.2d 54 (Fla. 5th DCA *1044 1981); Cleveland v. State, 394 So.2d 230 (Fla. 5th DCA 1981).
Villery does not address negotiated split sentences which are otherwise within the limits prescribed by law. Because the sentence and the plea are intertwined,[2] the appellant must seek his relief, if any, from the trial court upon proper application. If the appellant is not bound by the plea negotiation, then neither is the State, and relief is available in the trial court.
The appeal is dismissed, but without prejudice to the right of appellant to seek appropriate relief in the trial court.
Appeal DISMISSED.
SHARP, W., and COWART, JJ., concur.
NOTES
[1] Fla.R.Cr.P. 3.172(c)(iv); Fla.R.App.P. 9.140 (b)(1).
[2] Cf. Pendarvis v. State, 400 So.2d 494 (Fla. 5th DCA 1981).