PER CURIAM.
Appellant seeks review of a sentence of eight years for robbery imposed pursuant to his motion to correct an illegal sentence.
As a negotiated plea appellant pleaded guilty to the charge of robbery and the court sentenced him to five years in prison to be followed by three years’ probation. On authority of Villery v. Florida Parole & Probation Com’n, 396 So.2d 1107 (Fla.1981), appellant sought correction of the sentence. After a hearing at which appellant’s exemplary prison record was demonstrated, the court vacated the prior sentence and sentenced appellant to eight years in prison with credit for time served.
Appellant contends that, since his plea and original sentence were negotiated, if the trial court could not coipply with the agreement, appellant should be allowed to withdraw his plea and go to trial. The trial court did not allow the withdrawal of the original plea and appellant contends that was error.
Appellant further contends that the new sentence violates the rule laid down in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). However, in Villery, supra, written long after Pearce, supra, our Supreme Court seemingly authorized the very action taken by the trial court in this case. A substantially identical situation was presented by Beech v. State, First District Court of Appeal Case No. AE-337, Opinion filed April 7,1982, wherein three questions were certified to the Supreme Court. We agree with the disposition by that court and thus affirm the sentence appealed from. Moreover, we also certify the same three questions the First District did as being of great public importance; however, we add one additional question of great public importance to our certification:
1. In correcting a voidable sentence, is the maximum sentence that can be imposed imprisonment for a period of time not exceeding the total of the imprisonment and probation originally imposed? If not, what is the maximum sentence?
2. If the sentence imposed is imprisonment for a period of time not exceeding the total time of the imprisonment and probation originally imposed, can such sentence violate the prohibitions of Pearce?
3. If compliance with Pearce is required under the circumstances set forth in 2. above, at what point does a sentence of imprisonment that replaces a sentence of a combination of imprisonment and probation become a more severe sentence subject to the limitations of Pearce ?
4. If the original sentence was imposed pursuant to and as part of a negotiated plea, in resentencing a defendant upon a Villery motion to correct an illegal sentence can the trial court impose a longer sentence of imprisonment than o.riginally imposed without giving the de *98 fendant an opportunity to withdraw his negotiated plea?
DOWNEY, HURLEY and DELL, JJ., concur.