418 So.2d 363 (1982)
John William BROD, Appellant,
v.
STATE of Florida, Appellee.
Frederick J.T. BOBIN, III, Appellant,
v.
STATE of Florida, Appellee.
William BATES, Appellant,
v.
STATE of Florida, Appellee.
Nos. 81-1282, 81-1662 and 81-1781.
District Court of Appeal of Florida, Fourth District.
August 11, 1982.
Richard L. Jorandby, Public Defender, and Jerry L. Schwarz, Asst. Public Defender, West Palm Beach, for appellant-Brod.
Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for appellants-Bobin and Bates.
Jim Smith, Atty. Gen., Tallahassee, and Joy B. Shearer, Russell S. Bohn, and Laura R. Morrison, Asst. Attys. Gen., West Palm Beach, for appellee.
*364 ANSTEAD, Judge.
These are three consolidated appeals involving motions for post-conviction relief pursuant to the decision in Villery v. Florida Parole and Probation Commission, 396 So.2d 1107 (Fla. 1980) prohibiting incarceration as a condition of probation or as part of a split sentence unless such incarceration is for less than one year.
We find no error in the denial of appellant Bobin's motion. Bobin originally received a split sentence pursuant to plea negotiations. While serving the probationary period of that split sentence Bobin was alleged to have violated probation. Again he made a plea agreement with the court and the state and pursuant thereto he was sentenced to a straight term of ten years imprisonment with credit for all time previously served on the original sentence and any other jail time. After the Villery decision was announced Bobin sought to set aside his current sentence on the grounds that his original split sentence had been illegal. We do not think Villery was intended to apply retroactively to factual situations such as involved herein where a defendant had already violated his probation and was no longer serving a split sentence. In addition we think appellant is estopped from challenging his present sentence since it was part of a plea bargain to which he voluntarily agreed and it is not the type of illegal sentence prohibited by Villery.
Appellant Bates was sentenced to a split sentence of three years in prison and twelve years probation for a total of fifteen years. In his motion for post-conviction relief he asked the trial court to reduce that to a straight three year sentence and eliminate the probationary period. The trial court vacated the sentence pursuant to Villery and imposed a straight fifteen year sentence with credit for time served. We have previously interpreted Villery to permit such sentences. See Forbert v. State, 415 So.2d 96 (Fla. 4th DCA, 1982). Adhering to Forbert, we affirm Bates' sentence.
Appellant Brod was sentenced pursuant to a plea agreement to one year and one day incarceration to be followed by probation for three years and eleven months. Subsequently, citing Villery, Brod asked the trial court to vacate his sentence and give him either straight probation or limit his jail time to less than one year. The trial court vacated his sentence and imposed a straight sentence of four years, eleven months, and one day with credit for time served. As noted, we approved such a sentence in Forbert v. State. Again, we affirm Brod's sentence on the authority of Forbert.
We are concerned about both the Bates and Brod sentences since they appear to violate the principle announced in the U.S. Supreme Court's decision in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), prohibiting the imposition of greater sentences after a defendant's original judgment and sentence have been set aside on appeal. However, as we acknowledged in Forbert, Villery, written long after Pearce, specifically appeared to authorize a sentence of imprisonment so long as such sentence does not exceed "a period of time in excess of the original total term of probation." Villery, supra at 1112. Here, we have two defendants who apparently thought that under Villery they would be entitled to either an order of probation with a maximum period of incarceration of less than one year as a condition thereof or a straight sentence without probation not to exceed the amount of jail time already decreed. Instead, they both received sentences of incarceration far in excess of the original dispositions. This makes no sense. Defendants originally adjudged in need of a limited period of incarceration should not now be subject to the maximum because they have apparently misconstrued the effect of the Villery decision. For instance, Brod has now traded a sentence of one year and one day for a sentence of almost five years, even though the result may be the same if the parole authorities decide to parole Brod after a year and a day. However, he may have to serve much more than the year and a day. The same is true of Bates.
*365 Most of the difficulty courts have had in applying the Villery decision has been in determining what sentences are permitted after vacating a sentence made illegal by Villery, as we have discussed above, and in determining the Supreme Court's rationale in forbidding genuine split sentences. Because probation and incarceration are essentially different disposition alternatives, prohibiting lengthy terms of incarceration as a condition of probation appears to be eminently sensible. However, the rationale for such prohibition would not appear to apply to legitimate split sentences. First, the legislature by enacting Section 948.01(4), Florida Statutes (1979) appears to have specifically authorized split sentences.[1] This authorization would appear to constitute a proper exercise of the legislature's broad authority to determine the permissible penalties for crimes. Second, unlike the jurisdictional problem involved when a trial court makes incarceration a condition of probation, it would appear that a defendant given a split sentence is entitled to consideration for parole the same as any other defendant sentenced to a certain term of imprisonment. Third, different policy considerations are involved in the two concepts, incarceration as a condition of probation being considered a valuable rehabilitative device to give the defendant a sufficient taste of prison to encourage rehabilitation, while a term of probation tagged onto a sentence of imprisonment may be deemed necessary to ensure that a defendant remains under the authority and supervision of the court even after a set term of imprisonment is served. The latter alternative may well be imposed more out of considerations of public protection than for the specific rehabilitation of the defendant, although both purposes may be served. In any case it is difficult to understand, given the specific legislative endorsement contained in Section 948.01(4), why split sentences have been placed in the same category with imprisonment as a condition of probation. Unfortunately, the difficulties we have on this score were expressed in the dissenting, rather than majority, opinion of Villery.
Because of the concerns we have with the application of Villery and to preserve these appellants' rights to further review we adopt by reference and again certify the same questions of public importance set out in our recent decision in Forbert:
1. In correcting a voidable sentence, is the maximum sentence that can be imposed imprisonment for a period of time not exceeding the total of the imprisonment and probation originally imposed? If not, what is the maximum sentence?
2. If the sentence imposed is imprisonment for a period of time not exceeding the total time of the imprisonment and probation originally imposed, can such sentence violate the prohibitions of Pearce?
3. If compliance with Pearce is required under the circumstances set forth in 2. above, at what point does a sentence of imprisonment that replaces a sentence of a combination of imprisonment and probation become a more severe sentence subject to the limitations of Pearce?
4. If the original sentence was imposed pursuant to and as part of a negotiated plea, in resentencing a defendant upon a Villery motion to correct an illegal sentence can the trial court impose a longer sentence of imprisonment than originally imposed without giving the defendant an opportunity to withdraw his negotiated plea?
Having done so, we affirm the orders of the trial courts in all three of the consolidated cases before us.
DOWNEY and GLICKSTEIN, JJ., concur.
NOTES
[1] Section 948.01(4) provides:

(4) Whenever punishment by imprisonment for a misdemeanor or a felony, except for a capital felony, is prescribed, the court, in its discretion, may, at the time of sentencing, direct the defendant to be placed on probation upon completion of any specified period of such sentence. In such case, the court shall stay and withhold the imposition of the remainder of sentence imposed upon the defendant, and direct that the defendant be placed upon probation after serving such period as may be imposed by the court.