HUBBART, Judge.
The central issue raised by this appeal is whether it is unlawful [under the federal or Florida constitution or Florida statutory law] for the police, in an otherwise lawful manner, to enter private premises which they are authorized to search pursuant to a valid and previously issued search warrant, when, as here, the entering officers do not physically have the search warrant in hand upon entry, but do receive the warrant some twenty (20) minutes later and duly execute it. We hold that no such constitutional or statutory violation is shown by the above stated police conduct, and, that, accordingly, the trial court was correct in denying the defendant’s motion to suppress the fruits of the ensuing search and seizure. We further reject the defendant’s sentencing point on appeal and affirm in all respects the final judgment of conviction and sentence under review.
I
The facts relating to the search and seizure in this case are virtually undisputed. On April 1, 1980, in the evening hours, Officer William Johnson of the Dade County Public Safety Department went to the home of a circuit judge in northeast Dade County, Florida, for the purpose of securing a search warrant. Officer Johnson was armed with a detailed affidavit in support of the search warrant which tended to show that certain illegal drug dealing was taking place in a particular motel room at a motel complex located near the Miami International Airport. The circuit judge examined the affidavit presented to him by Officer Johnson, made a determination that the affidavit stated probable cause for the search of the motel room in question, and issued a search warrant for Dade County Public Safety Department officers to search the said motel room for contraband drugs.
While this was transpiring, two other Dade County Public Safety Department officers were standing by in a room located across the hall from the motel room in question. Officer Johnson, upon receiving the search warrant, proceeded to the said motel room; en route, he radioed his dispatcher that the judge had signed the search warrant and directed the dispatcher to so notify the two officers who were standing by. These latter officers were immediately so notified and thereafter proceeded across the hall to the motel room in question. They encountered, at that time, a woman who was in the process of opening the door to the room with several bags in hand. The officers, in turn, displayed their police badges and announced: “Police officers, we have a search warrant for the room.” The woman tried to close the door, but the officers forced the door open, stood immediately inside the door, and announced *1031 that they were awaiting a search warrant for the search of the premises; the defendant Henry Lee Riley was inside the room alone and in bed. Everyone then waited for some twenty (20) minutes at which time Officer Johnson arrived with the search warrant in hand which was then duly executed. A search thereafter ensued in which a quantity of heroin was seized and the defendant Riley arrested.
The defendant Riley tVas subsequently charged by information with various drug offenses in the Circuit Court for the Eleventh Judicial Circuit of Florida in and for Dade County, Florida. The defendant Riley filed a motion which was subsequently supplemented, to suppress the fruits of the search of the above motel room which he apparently had rented. The trial court conducted a full evidentiary hearing on these motions at which time the above facts were established. At the conclusion of the hearing, the trial court denied these motions. The defendant thereafter pled nolo conten-dere to two counts in the information charging: (1) possession with intent to sell a controlled substance [§ 893.13(l)(a)l, Fla. Stat. (1981)], and (2) sale or delivery of a controlled substance [§ 893.13(l)(a)l, Fla. Stat. (1981) ], reserving for appeal the denial of the above motion to suppress. The trial court accepted the plea as' thus conditioned and sentenced the defendant to two (2) concurrent four (4) year prison terms, followed by two (2) concurrent three (3) year terms of probation. The defendant appeals; we have jurisdiction to entertain this appeal. Brown v. State, 376 So.2d 382 (Fla.1979); State v. Ashby, 245 So.2d 225 (Fla.1971).
II
The central attack made by the defendant against the search and seizure in question is that the police initially entered his motel room unlawfully because they did not physically have the search warrant in hand upon the initial entry. It is said that this initial entry was, therefore, in violation of the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Section 12 of the Florida Constitution and Chapter 933 of the Florida Statutes (1981), thereby invalidating the subsequent search and seizure. We cannot agree. A subsidiary attack is also made on the affidavit upon which the search warrant was issued; we reject this position as well.
A
First, there is no federal or state constitutional authority anywhere, and the defendant cites none, which holds or remotely suggests that it is a Fourth Amendment or state constitutional violation for police in an otherwise lawful manner to enter private premises pursuant to a valid and previously issued search warrant where, as here, the police do not physically have the search warrant in hand upon entering, although the warrant arrives shortly thereafter and is then properly executed. Indeed, the authorities are virtually unanimous that no constitutional violation is shown by this or similar police conduct in executing the search warrant. United States v. Marx, 635 F.2d 436 (5th Cir.1981); United States v. Woodring, 444 F.2d 749 (9th Cir.1971); United States v. Cooper, 421 F.Supp. 804 (W.D.Tenn.1976); State v. Gomez, 101 Idaho 802, 623 P.2d 110, 117 (1980), cert. denied, 454 U.S. 963, 102 S.Ct. 503, 70 L.Ed.2d 378 (1981); 2 W. LAFAVE, SEARCH AND SEIZURE § 4.12 (1978). See also Mayorga v. People, 178 Colo. 106, 496 P.2d 304 (1972); State v. Pointer, 135 N.J.Super. 472, 343 A.2d 762, pet. for cert. denied, 69 N.J. 79, 351 A.2d 7 (1975); State v. Johnson, 16 Ohio Mise. 278, 240 N.E.2d 574 (1968). We decline to be the first court in the country to strike down such police conduct as unconstitutional. Agreed, a liberal construction should be given to the individual’s constitutional rights in this area of law, Taylor v. State, 355 So.2d 180, 186 (Fla. 3d DCA), cert. denied, 361 So.2d 835 (Fla.1978), but this does not require us to abandon common sense and blindly adopt hypertechnical rules, as urged here, which do not remotely serve to protect the substance of the individual’s Fourth Amendment freedom in any way. State v. Nittolo, 317 So.2d 748, 750 (Fla.), cert. de *1032 nied, 423 U.S. 1036, 96 S.Ct. 572, 46 L.Ed.2d 411 (1975).
B
Second, we see no Florida statutory violation in the manner the police executed the search warrant in this case. In this connection, we must differ with our former colleague, Judge Gerald Mager, who concluded otherwise in his concurring opinion in Swinford v. State, 311 So.2d 727 (Fla. 4th DCA 1975). Like the trial judge in this case, we are unpersuaded by Judge Mager’s analysis.
Section 933.11, Florida Statutes (1981), provides that “[a]ll search warrants shall be issued in duplicate,” and that said duplicate “shall be delivered to the officer with the original warrant, and when the officer serves the warrant, he shall deliver a copy to the person named in the warrant, or in his absence to some person in charge of, or living on the premises.” Section 933.08, Florida Statutes (1981), further provides that a search warrant “shall in all cases be served by any of the officers mentioned in its direction, but by no other person except in aid of the officer requiring it, said officer being present and acting in its execution.” Neither of these statutes require that the officer executing the search warrant must physically have the warrant in hand at the moment he enters upon the premises which he is authorized by the search warrant to search. They require only that an officer mentioned in the direction of the search warrant must serve the warrant, and that when he does so, a duplicate copy of the warrant must be delivered to the person named in the warrant or to a person in charge of or living on the premises; no particular time is stipulated by these statutes as to when formal service of the search warrant and delivery of a copy thereof must take place — although, by implication, it would have to take place at some time prior to, during, or immediately subsequent to the ensuing search and seizure.
In the instant case, the above statutes were, in our view, fully complied with. All the police officers who entered and searched the defendant’s premises were authorized to do so by the subject search warrant. In addition, the search warrant was formally executed and a duplicate copy thereof duly delivered to the defendant upon the arrival of Officer Johnson within twenty (20) minutes after the initial police entry. Moreover, it is undisputed that the officers properly entered the premises after announcing tlieir authority and purpose in full compliance with Section 933.09, Florida Statutes (1981). Florida statutory law was, therefore, fully satisfied in this case as to the execution of the search warrant herein.
C
The defendant has also attacked the affidavit upon which the subject search warrant was issued as stating no probable cause and as containing material misrepresentations. We find no merit in this position. In our view, the affidavit for the search warrant states abundant probable cause for the issuance of the search warrant; moreover, the inaccuracies in the affidavit, if any, were miniscule, unintentional, and in no way material to the establishment of probable cause. As such, the search warrant was properly issued based on a clear showing of probable cause. See e.g., Antone v. State, 382 So.2d 1205, 1211— 12 (Fla.), cert. denied, 449 U.S. 913, 101 S.Ct. 287, 66 L.Ed.2d 141 (1980); Findlay v. State, 316 So.2d 33 (Fla.1975); Mathes v. State, 375 So.2d 1084 (Fla. 1st DCA 1979).
Ill
Finally, we reject the defendant’s attack on the sentence imposed in this case as being in violation of Villery v. Florida Parole & Probation Commission, 396 So.2d 1107 (Fla.1980), because the record plainly reflects that the defendant agreed to the sentence imposed in a plea negotiation agreement entered into below. We concur entirely with Judge Orfinger’s opinion for the Fifth District Court of Appeal, Peak v. State, 399 So.2d 1043 (Fla. 5th
*1033 DCA 1981), which rejects an identical contention as follows:
“Appellant also contends on appeal that the split sentence is improper under the principles of Villery v. Florida Parole & Probation Commission, 396 So.2d 1107 (1981) [1981 FLW 313]. However valid his contention might he had the sentence followed a trial and conviction, here it resulted from a plea bargain and we cannot give the appellant relief from his bargain without also offering the state the same relief. See Jolly v. State, 392 So.2d 54 (Fla. 5th DCA 1981); Cleveland v. State, 394 So.2d 230 (Fla. 5th DCA 1981).
“Villery does not address negotiated split sentences which are otherwise within the limits prescribed by law. Because the sentence and the plea are intertwined, [footnote omitted] the appellant must seek his relief, if any, from the trial court upon proper application. If the appellant is not bound by the plea negotiation, then neither is the State, and relief is available in the trial court.” Id. at 1043-44.
The final judgment of conviction and sentence under review is, in all respects,
Affirmed.