437 So.2d 152 (1983)
John William BROD and William Bates, Petitioners,
v.
STATE of Florida, Respondent.
No. 62582.
Supreme Court of Florida.
July 28, 1983.
Rehearing Denied September 29, 1983.
*153 Richard L. Jorandby, Public Defender and Anthony Calvello, Asst. Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for petitioners.
Jim Smith, Atty. Gen. and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for respondent.
BOYD, Justice.
This cause is before the Court on petition for review of a decision of the district court of appeal, Brod v. State, 418 So.2d 363 (Fla. 4th DCA 1982). The cited opinion disposed of the separate appeals of both petitioners on a consolidated basis. The court certified the issues passed upon as questions of great public importance. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Petitioner Bates was given a "split sentence" of three years in prison and twelve years on probation. After this Court's decision in Villery v. Florida Parole and Probation Commission, 396 So.2d 1107 (Fla. 1981), disapproving such dispositions, Bates asked the sentencing court to set aside the probationary period, allowing him unsupervised freedom after his release from prison. The court instead vacated the "split sentence" and imposed a sentence of fifteen years' imprisonment with credit for time served. On appeal the district court reluctantly affirmed holding in effect that the trial court was free to sentence petitioner to a term of imprisonment no greater than the originally imposed combined term of incarceration and probation.
Petitioner Brod, pursuant to a negotiated plea agreement, was given a sentence of a year and a day incarceration followed by three years and eleven months on probation. After Villery, Brod moved to have his sentence corrected either to impose probation only or one year in jail followed by total freedom. The court responded by imposing a prison term equal to the previously ordered total period of state control and supervision, four years, eleven months and one day with credit for time served. On appeal the district court affirmed.
The four questions certified by the district court include the three questions certified in Adams v. State, 414 So.2d 1079 (Fla. 1st DCA 1982) and Beech v. State, 411 So.2d 1384 (Fla. 1st DCA 1982), and also the fourth question added in Forbert v. State, 415 So.2d 96 (Fla. 4th DCA 1982):
1. In correcting a voidable sentence, is the maximum sentence that can be imposed imprisonment for a period of time not exceeding the total of the imprisonment and probation originally imposed? If not, what is the maximum sentence?
2. If the sentence imposed is imprisonment for a period of time not exceeding the total time of the imprisonment and probation originally imposed, can such sentence violate the prohibitions of Pearce? [North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969)].
3. If compliance with Pearce is required under the circumstances set forth in 2. above, at what point does a sentence of imprisonment that replaces a sentence of a combination of imprisonment and probation become a more severe sentence subject to the limitations of Pearce?

4. If the original sentence was imposed pursuant to and as part of a negotiated plea, in resentencing a defendant upon a Villery motion to correct an illegal sentence can the trial court impose a longer sentence of imprisonment than originally imposed without giving the defendant an opportunity to withdraw his negotiated plea?
Brod v. State, 418 So.2d 363, 365 (Fla. 4th DCA 1982).
In Beech v. State, 436 So.2d 82 (Fla. 1983), we approved the above-cited Adams and Beech decisions of the first district and held that a prisoner who brings a Villery challenge to an illegal "split sentence" may be sentenced to a term of imprisonment not exceeding the combined terms of incarceration and probation originally imposed. *154 The reasoning of our Beech opinion applies here. We therefore approve the holdings of the fourth district to the same effect in the present case. However, in Forbert v. State, 437 So.2d 1079 (Fla. 1983), we addressed the fourth certified question and held that where the original "split sentence" was imposed as part of a plea agreement and on resentencing the prisoner receives a term of imprisonment beyond the limits of incarceration contemplated by the plea agreement, the defendant should have the opportunity to withdraw his plea of guilty. In the present case there was no error since neither petitioner moved to withdraw his plea. The district court certified the fourth question, however, apparently out of recognition that it is still open to the petitioners to again move in the trial court for relief under Florida Rule of Criminal Procedure 3.850. See Peak v. State, 399 So.2d 1043 (Fla. 5th DCA 1981).
Accordingly, the decision of the district court of appeal is affirmed without prejudice to the right of the petitioners to seek to withdraw their pleas by way of motions to vacate.
It is so ordered.
ALDERMAN, C.J., and ADKINS, OVERTON and SHAW, JJ., concur.
EHRLICH, J., concurs in result only.
McDONALD, J., dissents.