452 So.2d 1148 (1984)
Brian D. CHANEY, Appellant,
v.
STATE of Florida, Appellee.
No. 83-1855.
District Court of Appeal of Florida, Fifth District.
July 19, 1984.
Brian D. Chaney, pro se.
Jim Smith, Atty. Gen., Tallahassee, and Kenneth McLaughlin, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
This is an appeal from a denial of a Motion for Post Conviction Relief under Florida Rule of Criminal Procedure 3.850. In that Motion appellant requested that the trial court conform his sentence to the requirements of the Supreme Court of Florida's decision in Villery v. Florida Parole & Probation Commission, 396 So.2d 1107 (Fla. 1981). Because the sentence is illegal, we vacate it and remand the cause to the trial court for resentencing in accordance with this opinion.
Chaney pleaded nolo contendere to robbery with a firearm. On April 3, 1981, the court adjudicated him guilty and sentenced him to a split sentence pursuant to Section 948.01(4), Florida Statutes. The sentence imposed was a period of incarceration of fifteen years followed by ten years on probation.
In his 3.850 motion, Chaney alleged that the sentence violated the dictates of Villery. Chaney requested the court grant him relief as follows:
WHEREFORE, Movant prays that the Court grant all relief to which he may be entitled in this proceeding, including but not limited to: Correct my sentence by reducing the fifteen (15) year term of incarceration to a one (1) year term, or vacate the judgment of conviction.
2. Such other and further relief as the Court deems just and proper.
*1149 On November 22, 1983, the trial court entered an Order denying Chaney's 3.850 motion. The Order stated these grounds as the basis for denial: "Sentence was based upon a plea agreement. Specific relief sought here is inappropriate." After the court below denied his Motion for Rehearing, Chaney filed his appeal to this court.
In Villery v. Florida Parole & Probation Commission, 396 So.2d 1107 (Fla. 1981), the Supreme Court of Florida held that incarceration, pursuant to the split sentence alternatives found in Chapter 948, Florida Statutes, which equals or exceeds one year is invalid. This rule is applicable to incarceration as a condition of probation (Section 948.03(3), Florida Statutes) and to incarceration followed by a specified period of probation (Section 948.01(4), Florida Statutes). The Supreme Court found that the rule it announced in Villery is required in order to construe the split sentence statutes consistently with the state's parole policy. Florida's parole policy is that every person who has been sentenced to a term of incarceration of one year or more shall be eligible for parole (Section 947.16, Florida Statutes). Persons who are required to serve a term of incarceration as a condition of probation, or before being released on probation, however, are never eligible for parole because in the first case they are never sentenced, or, in the second, because the terms of Section 948.01(4) so dictate. The Supreme Court, realizing that a trial judge could order a split sentence and thereby insure that a defendant never be released on parole, held that a split sentence may require incarceration for less than one year, but no longer.
In two recent decisions, the Supreme Court held that Villery applies to split sentences entered pursuant to negotiated plea agreements. Forbert v. State, 437 So.2d 1079 (Fla. 1983); Brod v. State, 437 So.2d 152 (Fla. 1983). Once the Court decided that Villery applies to split sentences ordered pursuant to plea agreements, it confronted the question of what relief a trial court should order in correcting the negotiated illegal sentence.
In Forbert, the defendant pleaded guilty to robbery in exchange for a split sentence of five years imprisonment followed by three years on probation. After a Villery motion to correct the sentence, the trial court resentenced Forbert to eight years in prison with credit for time served. The District Court of Appeal, Fourth District, affirmed but certified the following question to the Supreme Court as one of great public importance:
4. If the original sentence was imposed pursuant to and as part of a negotiated plea, in resentencing a defendant upon a Villery motion to correct an illegal sentence can the trial court impose a longer sentence of imprisonment than originally imposed without giving the defendant an opportunity to withdraw his negotiated plea?
437 So.2d at 1080. The Supreme Court answered in the negative, citing two of its prior decisions for the proposition that a defendant should be allowed to withdraw a plea of guilty where the plea was based on misunderstanding or misapprehension of the facts considered by the defendant in making the plea. Brown v. State, 245 So.2d 41 (Fla. 1971); Rubenstein v. State, 50 So.2d 708 (Fla. 1951). From that proposition, it follows, the Court reasoned, that when a defendant agrees to a plea bargain with the understanding that the sentence he or she receives in exchange for the plea is legal, when in fact the sentence is not legal, the defendant should be given the opportunity to withdraw the plea when later challenging the legality of the sentence.
The same question was certified to the Supreme Court in Brod v. State. The Court cited its decision in Forbert as dispositive and again stated the rule:
... where the original "split-sentence" was imposed as part of a plea agreement and on resentencing the prisoner receives a term of imprisonment beyond the limits of incarceration contemplated by the plea agreement, the defendant should have the opportunity to withdraw his plea of guilty.
437 So.2d at 154.
Since the Supreme Court's decisions in Forbert and Brod, a case reached the Third District Court of Appeal in a posture similar *1150 to that of the case at bar. In Santana v. State, 442 So.2d 1103 (Fla. 3d DCA 1983), the defendant moved to correct his sentence pursuant to Villery. The trial court granted the motion and resentenced defendant to a sentence of incarceration longer than the plea bargain called for. The Third District vacated the sentence and remanded the case to the trial court with directions to resentence the defendant.
There are several approaches a court may take when it resentences a defendant whose negotiated sentence is vacated because of a violation of Villery. As the Supreme Court pointed out in Forbert, the state may "exercise its option to accept the plea with the sentence reduced to a legal term." Cleveland v. State, 394 So.2d 230 (Fla. 5th DCA 1981); See also Jolly v. State, 392 So.2d 54 (Fla. 5th DCA 1981). If the state does not exercise this option, the trial court should choose one of two alternatives in resentencing the defendant. First, the court may allow the defendant to withdraw his plea, thereby reinstating the charges originally filed against him. Second, the court may resentence the defendant within the parameters of the plea bargain by either changing the period of incarceration which equals or exceeds one year to probation, or vacating the probation portion of the original sentence.
Accordingly, Chaney's sentence is vacated because it violates Villery.[1] The case is remanded for resentencing. On remand, the sentencing court should allow the state the opportunity to accept Chaney's original plea with the sentence reduced to a legal term. If the state elects not to exercise this option the sentencing court should allow Chaney to withdraw his plea or should resentence him within the parameters of the plea agreement by either changing the period of incarceration which equals or exceeds one year to probation, or vacating the probation portion of the original sentence.
Sentence vacated, remanded.
COBB, C.J., and FRANK D. UPCHURCH, Jr., J., concur.
NOTES
[1] Villery applies retroactively. 396 So.2d 1107, 1111.