462 So.2d 800 (1984)
STATE of Florida, Petitioner,
v.
Henry Lee RILEY, Respondent.
STATE of Florida, Petitioner,
v.
Bruce Joseph SCHIHL, Respondent.
Nos. 63662, 64038.
Supreme Court of Florida.
December 13, 1984.
Rehearing Denied February 18, 1985.
Jim Smith, Atty. Gen., and Calvin L. Fox, Asst. Atty. Gen., Miami, and James P. McLane, Asst. Atty. Gen., West Palm Beach, for petitioner.
Bennett Brummer, Dade County Public Defender and Sheryl Joyce Lowenthal, Sp. Appointed Public Defender, Miami, for Riley.
Fred Haddad of Sandstrom & Haddad, Fort Lauderdale, for Schihl.
OVERTON, Justice.
These consolidated cases are before us on petitions to review decisions of the district courts of appeal reported as Riley v. State, 448 So.2d 1029 (Fla. 3d DCA 1983), and State v. Schihl, 447 So.2d 227 (Fla. 4th DCA 1983), in which the following question was certified as being of great public importance:[1]
Whether it is unlawful [under the federal or Florida constitution or Florida statutory law] for the police, in an otherwise lawful manner, to enter private premises which they are authorized to search pursuant to a valid and previously issued search warrant, when the entering officers do not physically have the search warrant in hand upon entry, but do receive the warrant shortly thereafter and duly execute it.
448 So.2d at 1035; 447 So.2d at 227. We restate the question as follows:
Whether evidence obtained pursuant to a search is admissible under the federal and Florida constitutions and Florida statutory law, when the police, without physical possession of a search warrant but in an otherwise lawful manner, enter and secure private premises designated *801 in a warrant, but do not proceed to search the premises until the search warrant is physically available at the premises for execution.
We answer the restated question in the affirmative on the authority of the recent United States Supreme Court decision in Segura v. United States, ___ U.S. ___, 104 S.Ct. 3380, 82 L.Ed.2d 599 (1984), and for the reasoning expressed by Judge Hubbart in his dissenting opinion in Riley. We emphasize that our holding permits not a search but a securing of the premises for which a search warrant has been issued by a judicial officer prior to entry.
In the Third District Court of Appeal decision in Riley, two police officers were stationed across the hall from a motel room in which drug dealing was suspected to be taking place. They were notified that a warrant had been issued to search the premises for contraband drugs. The officers proceeded to the room and encountered a woman who was in the process of opening the door. The officers displayed their badges and identified themselves as police officers. When the woman attempted to close the door, the officers forced it open, entered the room, and announced to occupant Riley that they were awaiting a search warrant which had been issued and was en route to the scene. No search was conducted until the officer with the warrant arrived, which was approximately twenty minutes later. Riley was arrested after heroin was seized. The trial court denied Riley's motion to suppress the fruits of the search. Riley thereafter pled nolo contendere to charges of possession with intent to sell a controlled substance and sale or delivery of a controlled substance, and reserved for appeal the denial of the motion to suppress.
On appeal, Riley argued that because the police entered the room without physical possession of a search warrant, the subsequent search and seizure violated the fourth and fourteenth amendments to the United States Constitution, article I, section 12, of the Florida Constitution, and chapter 933 of the Florida Statutes (1981). In the majority opinion adopted after rehearing,[2] the court held that "possession of the search warrant by the officers at the time the search is performed is essential to the validity of the seizure, and mere knowledge that a warrant has been issued fails to satisfy constitutional and statutory guarantees against unreasonable searches." 448 So.2d at 1034. Riley's conviction was reversed and he was ordered discharged. Judge Hubbart, in his dissenting opinion, concluded that the challenged police conduct violated no federal or state constitution or statutory provisions and upheld the trial court's denial of Riley's motion to suppress.
In the Fourth District Court of Appeal decision in Schihl, an officer conducting surveillance of Schihl's home was informed that a warrant had been signed by a judicial officer for a search of the premises. Observing that persons were leaving the house, the officer advised them that a search warrant had been issued and told them to wait. Approximately ten minutes later, the warrant was delivered. During the ensuing search, marijuana was discovered. The trial court granted Schihl's motion to suppress the evidence. Citing Riley, the district court affirmed.
We disagree, finding that the decision of the United States Supreme Court in Segura sets forth the controlling law under these circumstances. We also find the reasoning of Judge Hubbart in his opinion, which was written prior to the Segura decision, to be persuasive.
In Segura, New York Drug Enforcement Task Force officers received information and observed activity indicating that petitioners Segura and Colon probably were trafficking in cocaine from their apartment. The officers received authorization from an assistant United States attorney to arrest the petitioners and to secure the petitioners' *802 apartment to prevent the destruction of evidence until a search warrant could be issued. After arresting Segura in his apartment building lobby, the officers proceeded to the petitioners' apartment and knocked on the door. When a woman, later identified as Colon, appeared at the door, the officers entered without requesting or receiving permission. The officers informed Colon and three other persons on the premises that Segura was under arrest and that a search warrant for the apartment was being obtained. The officers then conducted a "limited security check" to ensure that no one else was there who might threaten their safety or destroy evidence. During the security check, they observed but left undisturbed several drug-trafficking accoutrements which were in plain view. Because of an "administrative delay," the warrant application was not presented to the magistrate until late the following day. The task force officers remained in the apartment for approximately nineteen hours before the warrant was issued and the search was performed. In the search pursuant to the warrant, officers discovered more than three pounds of cocaine and $50,000 in cash, eighteen rounds of ammunition, and records of narcotics transactions.
The lower federal courts held that the initial warrantless entry was not justified by exigent circumstances and that the evidence discovered in plain view during the initial entry and search must be suppressed. The Supreme Court limited its review to the admissibility of the evidence seized under the warrant. The Court concluded that because the officers learned about the evidence for which the search warrant was issued from an "independent source," that evidence was admissible. 104 S.Ct. at 3391. The majority stated:
[W]e have no reason to question the courts' holding that that search was illegal. The ensuing interference with petitioners' possessory interests in their apartment, however, is another matter... . [A]ssuming that there was a seizure of all the contents of the petitioners' apartment when agents secured the premises from within, that seizure did not violate the Fourth Amendment. Specifically, we hold that where officers, having probable cause, enter premises, and ... for no more than the period here involved, secure the premises from within to preserve the status quo while others, in good faith, are in the process of obtaining a warrant, they do not violate the Fourth Amendment's proscription against unreasonable seizures.
Id. at 3382-83 (footnote omitted).
In both Riley and Schihl, mere minutes elapsed between the time of the officers' entry and the arrival of the search warrants. During that time, the premises were "secured" but no search was conducted. Moreover, in contrast to Segura, the officers did not enter the respondents' premises until they received notification that search warrants had been issued and were en route. Under these facts, we find that the conduct in question clearly falls within the perimeters of the Supreme Court's holding in Segura.[3] Furthermore, we find that neither section 933.11 nor 933.08, Florida Statutes (1981), is violated when an officer, without physical possession of a search warrant, enters and secures premises for which a warrant has been issued, as long as the warrant has been issued and is executed before the search is commenced.
For the reasons expressed, we quash the decisions of the district courts of appeal in Riley and Schihl, and direct that these causes be remanded with directions to deny the applicable motions to suppress. We approve in full the reasoning of Judge Hubbart in his dissent in Riley.
It is so ordered.
BOYD, C.J., and ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.
ADKINS, J., dissents.
NOTES
[1] We have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution.
[2] Judge Hubbart's dissenting opinion was originally the opinion of the majority. Upon rehearing, the court adopted the dissenting opinion of Judge Hendry as the majority opinion. Judge Hubbart dissented. 448 So.2d at 1035.
[3] The search and seizure provision of the Florida Constitution must be construed "in conformity with the 4th Amendment to the United States Constitution, as interpreted by the United States Supreme Court." Art. I, § 12, Fla. Const.