PARKER, Judge.
Michael Henderson challenges his sentence in this appeal after remand from this court. Because the only judgment and sentence in the record were imposed when the trial court did not have jurisdiction, we are compelled to vacate Henderson’s sentence and remand for resentencing.
Henderson was originally convicted of three counts of robbery with a firearm while wearing a mask, one count of burglary of a dwelling with a firearm while wearing a mask, and one count of attempted robbery with a firearm while wearing a mask. On December 27, 2000, this court issued its opinion reversing one of the convictions for robbery with a firearm while wearing a mask and the conviction for attempted robbery with a firearm while wearing a mask. Henderson v. State, 789 So.2d 1016, 1019 (Fla. 2d DCA 2000). This court affirmed the remaining convictions, but remanded for resentencing because all of the original convictions had been scored on one scoresheet. Id.
After this court’s opinion was released, both Henderson and the State filed motions for rehearing. One motion for rehearing was denied January 26, 2001. The other motion for rehearing was denied on April 5, 2001. Because of these pending motions for rehearing, this court’s mandate did not issue until May 8, 2001.
Despite the lack of mandate from this court, the trial court held a resentencing hearing for Henderson on April 10, 2001. At that hearing, the trial court sentenced Henderson to thirty years in prison on each affirmed count with all counts to run concurrently. The trial court also imposed a three-year minimum mandatory term on each count, with each minimum mandatory to run concurrently. A new judgment and sentence were filed on April 24, 2001.
At some point after April 24, the parties realized that because this court’s mandate had not issued, the trial court had not had jurisdiction when it resentenced Henderson on April 10. Therefore, the parties scheduled a new sentencing hearing for June 22, 2001. On that date, the court stated on the record that it was reaffirming the sentence that it imposed on April 10 and restated the sentence on the record. However, the trial court did not enter an amended judgment and sentence or enter any written order “reaffirming” the April 24 judgment and sentence.
There is no question that the trial court lacked jurisdiction to resentence Henderson on April 10 while the original appeal was still pending with this court. See State v. Miyasato, 805 So.2d 818, 824 (Fla. 2d DCA 2001) (noting that the effect *621 of mandate is to return full jurisdiction of the case to the trial court); Wilson v. State, 636 So.2d 181, 182 (Fla. 5th DCA 1994) (vacating a sentence and remanding for resentencing because the trial court had no jurisdiction to sentence the defendant before mandate issued). Thus, the original resentencing was conducted, and the only written judgment and sentence were entered, when the trial court had no jurisdiction over Henderson. There is no judgment and sentence or other written order in the record entered after jurisdiction had been returned to the trial court. Cf. Lynn v. State, 458 So.2d 7, 9 (Fla. 1st DCA 1984) (affirming a sentence imposed before mandate issued because the trial court had entered a written order after mandate issued adopting and incorporating its pre-mandate order). The trial court’s oral “reaffirmance” cannot cure this deficiency in the record.
Both Henderson .and the Department of Corrections are entitled to have a proper written record of Henderson’s judgments and sentences. Therefore, we vacate Henderson’s judgments and sentences and remand for another resentencing hearing to be held after mandate issues. Henderson must be present for this resen-tencing.
Reversed and remanded.
CASANUEYA and STRINGER, JJ„ Concur.