328 So.2d 268 (1976)
John SANDERS, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. Y-382.
District Court of Appeal of Florida, First District.
March 11, 1976.
C. Wayne Alford and Martin I. Edwards, of Jacobs, Sinoff, Edwards, Alford & Burgess, Jacksonville, for appellant.
Robert L. Shevin, Atty. Gen., and Richard W. Prospect, Asst. Atty. Gen., for appellee.
RAWLS, Acting Chief Judge.
Did the trial court err in allowing the state additional peremptory challenges? This is the primary question posed by appellant, John Sanders, Jr.
A direct information was filed charging Sanders with assault to commit robbery and assault to commit murder in the first degree (two counts). During the selection of the jury, the state and the defendant, after extensive voir dire and each utilizing six peremptory challenges, tentatively selected a petit jury of six veniremen.[1] An alternate juror was then called, and after voir dire by the state was conducted, she was accepted.[2] Upon appellant's attorney completing the voir dire of this alternate juror, she was accepted by him.[3] After a side bar conference, the court announced a recess. The state then moved the court to "allow up to 9 challenges [peremptory]" on the ground that:
"It would be doing substantial justice, it would be trying to reach a just determination in this case under the purpose and scope of Rule 3050 [F.R.Cr.P. 3.350] and also with the wise exercise of the Court's inherent discretion to limit the number of jurors below the cumulative maximum [18]."
*269 Appellant's attorney vigorously objected to the motion stating that he was satisfied with the six jurors and the alternate selected, and: "This is completely against the request and wishes of the defendant and his counsel, who feel that the Court has no discretion whatsoever to allow the State additional challenges where the defense does not make that request."
Florida Rule of Criminal Procedure 3.350(e) provides:
"If an indictment or information contains two or more counts or if two or more indictments or informations are consolidated for trial, the defendant shall be allowed the number of peremptory challenges which would be permissible in a single case, but in the interest of justice the judge may use his judicial discretion in extenuating circumstances to grant additional challenges to the accumulate maximum based on the number of charges or cases included when it appears that there is a possibility that defendant may be prejudiced. The State shall be allowed as many challenges as are allowed the defendant." (emphasis supplied)
The trial judge is authorized to grant additional peremptory challenges "in the interest of justice" when it appears that there is a possibility that defendant may be prejudiced. The rule does not authorize granting to the state additional peremptory challenges upon the state's motion.
The state argues that "the State has the implicit right to invoke the provisions" of the rule, and if error was committed, such was harmless since appellant has not demonstrated any prejudice.
The only Florida case that we have found in point is that of Savage and James v. State,[4] wherein the court held:
"Where two are jointly indicted and tried for a capital offence each prisoner is allowed twenty peremptory challenges, but the law does not allow more than five to the State as to both. To allow the State to challenge five for each would in effect give the State ten for each prisoner, because each challenge affects each prisoner alike. Counsel for the Plaintiffs in Error cite several authorities to sustain this position: Proffatt on Jury Trials, § 164; Schoeffler [Shoeffler] vs. State, 3 Wis. 823; Mahan vs. State, 10 Ohio, 232; State vs. Earle, 24 La.An., 38; Wiggins vs. State, 1 B.J.Lea.Tenn., 738.
"We have found no other cases directly in point. It is unnecessary to consider this question further. It is clear that the court erred in allowing more than five peremptory challenges to the State, and an exception having been taken to the action of the court there was material error affecting the rights of the defendants."
It is significant that the Attorney General argued in Savage that:
"By the common law, the prosecution in criminal cases could exercise, on behalf of the crown, peremptory challenges to an unlimited extent without alleging any other reasons than that `they are not good men for the King.' Proffatt on Jury Trial, § 159; 1 Chitty Cr.Laws, 533."
and then concluded with the observation that: "If no harm has resulted to the prisoners there can be no more reason why a new trial should be granted on account of error as to a peremptory challenge, than in one for cause or a charge to the jury."
As reflected above, the Supreme Court summarily rejected the state's "harmless error" argument in Savage. Decisions of other jurisdictions support the Savage view that the granting of an excessive *270 number of peremptory challenges to the state constitutes reversible error per se.[5]
The judgment appealed is reversed with directions that a new trial be granted.
SMITH and McCORD, JJ., concur.
NOTES
[1] At this stage the attorney for the state announced: "The State would be pleased to try this case before this jury at this time." Shortly thereafter, appellant's attorney stated: "Mr. Sanders, Your Honor, would be pleased to try the case before this jury."
[2] The attorney for the state announced: "Once again, the State would be happy to have Mrs. Beckerleg and this jury."
[3] Appellant's attorney stated: "Mr. Sanders will be pleased to have this alternate on the case."
[4] Savage and James v. State, 18 Fla. 909 (1882).
[5] Annot., 95 A.L.R.2d 957 (1964).