DOWNEY, Judge.
This appeal involves the propriety of the trial court’s granting the state’s motion for additional peremptory challenges over and above those allowed by Fla.R.Crim.P. 3.350.
Appellant was charged in a single count information with second degree murder. He was convicted of aggravated assault and sentenced to five years in prison.
During the voir dire examination of the jury at a point where the state had exhausted its ten peremptory challenges, the state moved the court to grant each side three additional peremptory challenges. Appellant, who at that time had only used five of his peremptory challenges, objected to the motion. It appears that since the homicide allegedly occurred during a homosexual advance by the victim upon appellant, the trial court felt that there were “extenuating circumstances” provided by subsection (e) of Rule 3.350 enabling him to authorize additional peremptory challenges.
In the circuit court both the court and the parties all treated this case as though subsection (e) of the rule was applicable. On appeal, the parties continue to treat this case as though subsection (e) applies, appellant relying upon Sanders v. State, 328 So.2d 268 (Fla. 1st DCA 1976). Our reading of the entire rule leads us to conclude that subsection (e)[1] does not apply because there was only one information and only one count therein. In our view subsection (a)[2] of the rule applies to the present case. Sanders v. State, supra, concerned a two count information and thus involved subsection (e). However, one of the principles set forth in the Sanders case pertains equally to subsection (a), and it is that principle[3] which requires reversal here. Thus, the trial court erred by granting the state more than the ten peremptory challenges permitted by subsection (a) of the rule.
Accordingly, we reverse the judgment and remand the cause for a new trial.
CROSS and ALDERMAN, JJ., concur.

.“If an indictment or information contains two or more counts or if two or more indictments or informations are consolidated for trial, the defendant shall be allowed the number of peremptory challenges which would be permissible in a single case, but in the interest of justice the judge may use his judicial discretion in extenuating circumstances to grant additional challenges to the accumulate maximum based on the number of charges or cases included when it appears that there is a possibility that defendant may be prejudiced. The State shall be allowed as many challenges as are allowed the defendant.”

. “Each party shall be allowed the following number of peremptory challenges: “(a) Ten, if the offense charged is punishable by death or imprisonment for life; * * * ”

. The trial court has no discretion to grant the state a greater number of peremptory challenges than any part of Fla.R.Crim.P. 3.350 permits. See, generally, cases cited at Annot: Peremptory Challenges — Number, 95 A.L.R.2d 957, § 7.