PER CURIAM.
Appellant makes several arguments in his appeal from summary denial of his motion for post-conviction relief under Rule *1189 3.850, Florida Rules of Criminal Procedure; ineffective assistance of counsel, both at trial and on direct appeal, fundamental error based on improper prosecutorial comments, and that his sentence was illegal. More specifically, appellant argues that the trial court erroneously allowed the prosecutor to inflame the jurors and to state his personal belief of appellant’s guilt and sanity at the time of the offense charged, that his trial counsel was ineffective for failing to object to these comments, and that the trial court erroneously sentenced him on both greater and lesser included offenses of felony murder and robbery. Also, he argues that his appellate counsel was ineffective in failing to raise the issue of his voluntary intoxication on direct appeal.
As to the first three arguments, the trial court erred in denying the motion without either conducting an evidentiary hearing on the claims or attaching to its order denying the motion the relevant portions of the record to show that the claims were without merit. Flint v. State, 11 F.L.W. 1131 (Fla. 4th DCA May 14,1986).
As for appellant’s claim of ineffective assistance of appellate counsel, we note that such claims are inappropriate to raise in proceedings pursuant to Rule 3.850, Florida Rules of Criminal Procedure. Smith v. State, 400 So.2d 956 (Fla.1981). Instead, they are properly raised by petition for writ of habeas corpus. In appropriate cases, this court may consider an appellant’s claim as having been so filed. However, appellant herein has failed to attach any portions of the record in support of his arguments of ineffectiveness. Thus, we are unable to make any determination on his claim at this time. We therefore dismiss this portion of his appeal without prejudice to appellant’s right to raise the issue anew in appropriate pleadings, accompanied by an appendix in support.
REVERSED and REMANDED in part for further appropriate proceedings; DISMISSED in part.
LETTS, GLICKSTEIN and GUNTHER, JJ., concur.