PER CURIAM.
Angelo DiSavoia appeals from the summary denial of his “motion [to] expunge false information.” Like the trial court, we are somewhat at a loss how to characterize a pleading which “in reality appears to be a mixture of requested civil relief, extraordinary remedies, a request to expunge records, injunctive relief and other matters.”
To the extent the motion represents an attempt to correct DiSavoia’s sentence, we find as follows: In 1984 DiSavoia received a ten-year sentence for insurance fraud and other offenses. The sentence represented a departure from the guideline recommendation of three years. DiSavoia appealed and we affirmed without opinion. DiSavoia v. State, 464 So.2d 560 (Fla. 2d DCA 1985).[1] Now DiSavoia alleges that the state “knowingly gave false information regarding prior felony convictions.” He correctly notes that if a defendant, at sentencing, disputes the extent of his prior record the state must present corroboration of hearsay statements in the presentence investigation. Vandeneynden v. State, 478 So.2d 429 (Fla. 5th DCA 1985). However, we have held that such fact-bound questions must be met with a contemporaneous objection, or else they are deemed waived. Lomont v. State, 506 So.2d 1141 (Fla. 2d DCA 1987). They may not be resurrected in a motion for postconviction relief except under circumstances indicating ineffective assistance of counsel. Lomont; Lanier v. State, 478 So.2d 1184 (Fla. 2d DCA 1985).
DiSavois has made no such claim. In fact, he has not shown how any “false” prior record affected his sentence. Attached as an exhibit to his motion is a copy of his sentencing guidelines scoresheet, which reflects no points added for prior record. The trial judge may have considered certain unscorable offenses when deciding to depart from the guidelines, but if so, and if DiSavoia felt this was improper, he was required to argue the matter on direct appeal. Johnson v. State, 502 So.2d 1352 (Fla. 2d DCA 1987).
As to the remaining issues raised by DiSavoia’s pleading we concur with the tri *85 al court that “no cognizable claim for relief has been set forth.”
Affirmed.
CAMPBELL, A.C.J., and SCHOONOVER and HALL, JJ., concur.

. DiSavoia also has prosecuted two appeals pursuant to Fla.R.App.P. 9.140(g), neither of which was successful. See DiSavoia v. State, 497 So.2d 246 (Fla. 2d DCA 1986) and DiSavoia v. State, 478 So.2d 58 (Fla. 2d DCA 1985).