PER CURIAM.
Defendant was tried and found guilty of trafficking in cocaine in excess of 400 grams and was sentenced to 15 years incarceration. This court per curiam affirmed *317 his conviction and sentence. See Smith v. State, 519 So.2d 1000 (Fla. 5th DCA 1988).
In this collateral proceeding, defendant contends that his conviction was obtained by use of a coerced confession in violation of his Miranda rights; that his conviction was obtained by use of a coérced confession when the police officer misled him as to the penalty for his crime; that his conviction was obtained by use of evidence obtained by an unconstitutional search and seizure because his traffic stop was really a profile stop; that his conviction was obtained by use of evidence of possession of weapons which was improperly admitted since the weapons were not owned or possessed by the defendant; and that his conviction was obtained by use of testimony of a witness who was improperly coached by the assistant state attorney. Defendant stated that none of these grounds was raised on direct appeal, even though preserved by proper objection at trial, due to ineffective assistance of appellate counsel.
The trial court, in summarily denying the motion for post-conviction relief, construed the motion as alleging ineffective assistance of appellate counsel in failing to raise the five grounds enunciated. The court found that it did not have jurisdiction to grant relief based on a claim of ineffective assistance of appellate counsel since the proper method of raising such a claim is by petition for writ of habeas corpus for belated appeal. Accordingly, the court denied the motion without prejudice to the defendant filing a petition for writ of habeas corpus in this court. That denial is the subject of the instant appeal.
The trial court correctly found that a claim of ineffective assistance of appellate counsel should not be raised in a Rule 3.850 proceeding, but rather should be raised in a habeas corpus proceeding before the court which considered the appeal. See Smith v. State, 400 So.2d 956 (Fla.1981); Romano v. State, 491 So.2d 1188 (Fla. 4th DCA 1986); Bailey v. State, 475 So.2d 296 (Fla. 2d DCA 1985). Since the defendant specifically conceded that the errors raised were properly preserved for appellate review by trial counsel, there is no claim of ineffective assistance of trial counsel. Clearly, the five issues raised are issues which could and should have been raised on appeal. Therefore, even if the defendant was seeking direct review of those issues rather than through the vehicle of ineffective assistance of counsel, relief pursuant to Rule 3.850 would be denied since the rule cannot be used to review issues which could or should have been raised on appeal. See Francis v. State, 529 So.2d 670 (Fla.1988); McCrae v. State, 510 So.2d 874 (Fla.1987). Accordingly, the trial court correctly denied the motion for post-conviction relief.
AFFIRMED.
SHARP, C.J., and COBB and GOSHORN, JJ., concur.