570 So.2d 1108 (1990)
Patrick PAIGE and Anthony Cokley, Appellants,
v.
STATE of Florida, Appellee.
Nos. 89-1913, 89-1914.
District Court of Appeal of Florida, Fifth District.
December 6, 1990.
James B. Gibson, Public Defender, and Glen P. Gifford, Asst. Public Defender, Daytona Beach, for appellants.
Robert A. Butterworth, Atty. Gen., Tallahassee, and James N. Charles, Asst. Atty. Gen., Daytona Beach, for appellee.
PETERSON, Judge.
Patrick Paige and Anthony Cokley appeal their judgments and sentences entered after a jury found them guilty of kidnapping and robbery. We affirm.
The trial court adjudicated the appellants guilty of kidnapping and robbery, found both of them to be habitual offenders, and sentenced each to life imprisonment on the kidnapping charges and thirty years concurrent on the robbery. The appellants claim that, because life sentences are not subject to habitual offender enhancement, the trial court erred in indicating on the sentencing forms for the kidnapping convictions that they were habitual offenders. Section 787.01(2), Florida Statutes (1989), provides that "[a] person who kidnaps a person is guilty of a felony of the first degree, punishable by imprisonment for a term of years not exceeding life or as provided in s. 775.082, s. 775.083, or s. 775.084." Section 775.084(4)(a)(1) requires that a habitual felony offender receive a sentence *1109 of life after being found guilty of a felony in the first degree. Since kidnapping is a first-degree felony, appellants' sentences therefor can be enhanced pursuant to section 775.084.
We recognize that the opinion in Power v. State, 568 So.2d 511 (Fla. 5th DCA 1990), indicated that life sentences are not subject to habitual offender enhancement, but that case involved an offense that was a life felony. The opinion is correct since there is no enhancement prescribed in section 775.084(4)(a), Florida Statutes (1989), for a life felony. The charge in the instant case was not classified as a life felony by the legislature; it was classified as a first-degree felony punishable by a term of years not exceeding life.
We find no merit in the other issues on appeal.
AFFIRMED.
DAUKSCH and GOSHORN, JJ., concur.