576 So.2d 931 (1991)
Timothy E. TUCKER, Appellant,
v.
STATE of Florida, Appellee.
Nos. 90-1478, 90-1479.
District Court of Appeal of Florida, Fifth District.
March 28, 1991.
James B. Gibson, Public Defender and Michael S. Becker, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Nancy Ryan, Asst. Atty. Gen., Daytona Beach, for appellee.
*932 DIAMANTIS, Judge.
Defendant pled guilty to grand theft of a motor vehicle, section 812.014, Florida Statutes (1989), and nolo contendere to robbery with a firearm, section 812.13(2)(a), Florida Statutes (1989). Defendant was convicted and sentenced as an habitual felony offender[1] to 10 years for the grand theft and life with a minimum mandatory of 3 years for the robbery with a firearm. The sentences are to be served concurrently. Defendant claims error in his sentence on the robbery offense. We affirm.
Defendant argues that the court erred in sentencing him for robbery under the habitual offender statute because that statute does not provide for the enhancement of felonies of the first degree punishable by a term of imprisonment not exceeding life. Defendant cites Barber v. State, 564 So.2d 1169 (Fla. 1st DCA 1990) and its progeny to support this theory. See Gholston v. State, 16 F.L.W. 46 (Fla. 1st DCA Dec. 17, 1990); Johnson v. State, 568 So.2d 519 (Fla. 1st DCA 1990). However, in Paige v. State, 570 So.2d 1108 (Fla. 5th DCA 1990), we reached a contrary conclusion. The Third District also recently rejected the rationale of Barber in Westbrook v. State, 574 So.2d 1187 (Fla. 3d DCA 1991). We adhere to our decision in Paige but recognize conflict with the First District.
Because we find the other issues raised by defendant without merit, we do not address them.
AFFIRMED.
DAUKSCH and COBB, JJ., concur.
NOTES
[1] § 775.084(4)(a), Fla. Stat. (1989).