WIGGINTON, Judge.
Following a jury trial, appellant was convicted of armed burglary, false imprisonment, armed robbery, and one count of sexual battery with a deadly weapon. Appellant raises two points on appeal, those being: (I) Whether the state’s and trial court’s action in dismissing the first jury pool deprived appellant of his rights to due process, to a fairly and randomly selected jury, to be present at all critical stages of the proceedings, and to the assistance of counsel; and (II) Whether the trial court erred in imposing habitual offender sentences on appellant’s convictions which are either first-degree felonies punishable by life or life felonies. We affirm in part and reverse in part.
Regarding Point I, the record shows that following the filing of a defense motion for new trial, an assistant state attorney not connected with appellant’s case filed a “Disclosure of Information to the Court” revealing that as she was leaving the court on February 5, 1990, she noted that the jury venire assembled for voir dire in appellant’s trial
... did not appear to be a highly educated jury. A well-educated jury was desirable based on the complicated and technical nature of [appellant’s] pending case.
According to the disclosure, the assistant state attorney then approached the bench *1045 and represented to the court that an “emergency” existed that required the court’s attention, while also observing that the panel did not appear to be highly desirable. She admitted that it was an overstatement for her to term as an “emergency” the fact that an essential witness had not yet contacted the State Attorney’s Office. She also admitted that the overstatement was made “with the intent that the panel may not be used.” Even though she was not the prosecutor assigned to handle appellant’s case, the trial court dismissed the waiting panel based on her representation that there was an emergency. A lunch hour recess was taken and the court thereafter called another panel from the jury pool to the courtroom for selection. The record shows that a jury was then selected by appellant’s defense attorney and the prosecutor assigned to the case, neither of whom used all of their peremptory challenges.
In response to this eleventh-hour disclosure by the assistant state attorney, defense counsel filed an amended motion for new trial arguing that the state attorney’s actions had denied him a fair trial and that the court’s dismissal of the first jury pool was tantamount to granting the state an unlimited number of peremptory challenges. In denying the motion, the trial court observed that all the jurors in the pool were qualified and that any panel pulled out of that group would have been a legal panel. Accordingly, the court observed that appellant was not deprived of any due process “by using Panel A or Panel B.”
Initially, we observe that much of appellant’s argument on appeal was not presented to the trial court and therefore is not preserved for review. Hill v. State, 549 So.2d 179 (Fla.1989). What was argued was that appellant was denied due process and that the state was granted an unlimited number of peremptory challenges. As to that argument, we agree with the state that, despite the state attorney’s reprehensible conduct (which is being investigated), there was no due process violation and that appellant received a fair trial.
It is axiomatic that to justify a new trial, a defendant must establish that the alleged error seriously affected the fairness of his trial and that the trial court abused its discretion in denying the motion. Atkins v. State, 210 So.2d 9 (Fla. 1st DCA 1968). It is further without dispute that a defendant’s right to an impartial jury under the Sixth and Fourteenth Amendments of the United States Constitution does not entitle that defendant to be tried by any particular jurors or by a jury of a particular composition. Taylor v. Louisiana, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975).
In the instant case, as noted by the state, appellant does not assail the juror summoning process or the master list from which prospective jurors in the community were drawn. He does not allege that any juror selected from the second venire was unqualified to serve. Indeed, following selection of the jury, defense counsel noted for the record that he was satisfied with the jury. With that in mind, we stress that we are not minimizing the potential for prejudice that the assistant state attorney’s outrageous conduct may have caused under other circumstances. However, appellant’s claim herein rests solely on the exchange of one indistinguishable venire from another. The trial court indulged in creative analogy on this point which we quote below but do not necessarily endorse as applying in all situations. In holding that this exchange had no bearing upon the randomness of the jury selection process the court observed:
When the first panel was excused there isn’t any question it was excused because of the false statement by the prosecutor. But when they were excused they went back in the pool, like you would release a bucketful of minnows back into the pond. When they called for the panel the second time, my analogy would be you pick up the bucket and scoop from the same pond a second time. You might get all the same ones you dumped out. You might win the lottery next week, too. The odds are good you won’t do any of those. The odds are equally against *1046 your scooping again and getting none of the same. Most likely you would get some of the same ones, some different ones. But be that as it may, it’s the pond that is in question. If the pond is full of people who has been found to be qualified to be jurors, then any panel pulled out of that group is a legal panel. And the defendant is not deprived of any due process by using Panel A or Panel B.
Similarly misguided is appellant’s argument that the dismissal of the venire was tantamount to the exercise of unlimited peremptory challenges by the state. As the state argues, peremptory strikes are challenges to individual prospective jurors following a voir dire examination. Here, the trial court did not by its dismissal of the venire in order to attend to a perceived emergency grant any particular challenge. In that the court dismissed the venire for a reason which it believed to be legitimate, case law cited by appellant holding as reversible error per se a court’s grant of peremptory challenges in excess of those permitted by law is irrelevant to this case. Compare Sanders v. State, 328 So.2d 268 (Fla. 1st DCA 1976); Moore v. State, 335 So.2d 877 (Fla. 4th DCA 1976).
Implicit in appellant’s argument is rank speculation that the first jury pool would have provided him a more favorable jury. Appellant does not assert any prejudice to him as a result of the dismissal of the first venire and his trial by jurors selected from the second venire. No allegation is made that the evidence against appellant was marginal. There is no evidence in the record that the jurors who sat in appellant’s case were unqualified, and no evidence that the selection of the jurors from the second venire as opposed to the first affected the verdict. In short, appellant has completely failed to establish that the dismissal of the first venire affected the fairness of his trial, and therefore no abuse of discretion is shown in the trial court’s denial of his motion for new trial.
Turning to appellant’s second argument regarding his sentences, appellant maintains that the habitual felony offender statute does not apply to first-degree felonies punishable by life or to life felonies, citing to this court’s decision in Gholston v. State, 16 F.L.W. D46 (Fla. 1st DCA Dec. 17, 1990). However, recently, this court receded from Gholston in Burdick v. State, 584 So.2d 1035 (Fla. 1st DCA 1991), in regard to first-degree felonies punishable by life. Accord Newton v. State, 581 So.2d 212 (Fla. 4th DCA 1991); Westbrook v. State, 574 So.2d 1187 (Fla. 3d DCA 1991); Paige v. State, 570 So.2d 1108 (Fla. 5th DCA 1990). Accordingly, we affirm appellant’s sentences on his convictions for the first-degree felonies punishable by life, but, as we did in Burdick, we certify the following question as one of great public importance:
IS A FIRST DEGREE FELONY PUNISHABLE BY A TERM OF YEARS NOT EXCEEDING LIFE IMPRISONMENT SUBJECT TO AN ENHANCED SENTENCE OF LIFE IMPRISONMENT PURSUANT TO THE PROVISIONS OF THE HABITUAL FELONY OFFENDER. STATUTE?
Nonetheless, we continue to hold that section 775.084, Florida Statutes, does not apply to life felonies. See Johnson v. State, 568 So.2d 519 (Fla. 1st DCA 1990). Accord Walker v. State, 580 So.2d 281 (Fla. 4th DCA 1991); Paige v. State. Consequently, the trial court erred in sentencing appellant under section 775.084 for his conviction for sexual battery with a deadly weapon. Therefore, we vacate his sentence on that conviction and remand for resentencing.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
WOLF, J., and WENTWORTH, Senior Judge, concur.