585 So.2d 396 (1991)
Ivory SHEFFIELD, Appellant,
v.
STATE of Florida, Appellee.
No. 90-2452.
District Court of Appeal of Florida, First District.
August 27, 1991.
*397 Nancy Daniels, Public Defender, Glen P. Gifford, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Suzanne G. Printy, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Appellant, Ivory Sheffield, challenges his conviction and habitual offender sentence after a jury found him guilty of robbery with a firearm. As grounds for reversing his conviction, appellant complains that he was improperly cross-examined as to the specific details of his prior felony offenses. Concerning his enhanced sentence as an habitual felony offender, appellant argues that the statute does not permit enhancement where the sentenced offense is a first-degree felony punishable by a term of years not exceeding life imprisonment. We affirm.
Although prior felonies or crimes involving dishonesty may be used to attack the credibility of a testifying criminal defendant, the prosecutor is not permitted to delve into the specifics of the prior convictions. Jackson v. State, 498 So.2d 906, 909 (Fla. 1986); Fulton v. State, 335 So.2d 280, 284 (Fla. 1976). In the instant case, the prosecutor improperly revealed the nature of the prior offenses, but appellant failed to preserve the error through a specific and timely objection. Because such an objection is necessary to preserve the error asserted, we must affirm appellant's conviction. Thomas v. State, 424 So.2d 193 (Fla. 5th DCA 1983).
Neither can we accept appellant's argument that section 775.084, Florida Statutes (1989), does not permit enhancement of his sentence for a first-degree felony punishable by life. In Burdick v. State, 584 So.2d 1035 (Fla. 1st DCA 1991), we rejected this argument and held that the habitual offender statute authorizes enhancement of first-degree felonies punishable by life. As we did in Burdick, we certify the following question as one of great public importance:[1]
IS A FIRST-DEGREE FELONY PUNISHABLE BY A TERM OF YEARS NOT EXCEEDING LIFE IMPRISONMENT SUBJECT TO AN ENHANCED SENTENCE PURSUANT TO THE PROVISIONS OF THE HABITUAL FELONY OFFENDER STATUTE?
AFFIRMED.
JOANOS, C.J., and MINER, J., concur.
ERVIN, J., concurs in result.
NOTES
[1] Because Sheffield was not given a life sentence, we have modified the question to omit reference to life imprisonment.