PER CURIAM.
Ivory Sheffield, previously convicted and sentenced as a habitual offender for the crime of robbery with a firearm, filed a motion for post-conviction relief, alleging ineffective assistance of trial counsel. We affirm the trial court’s ruling on the motion and write only to address one matter raised by Sheffield.
In a direct appeal of his conviction, Sheffield argued that the prosecutor was improperly allowed to cross-examine as to the specific details of Sheffield’s prior felony offenses. This court rejected that argument, finding that “appellant failed to preserve the error through a specific and timely objection.” Sheffield v. State, 585 So.2d 396, 397 (Fla. 1st DCA 1991). Sheffield’s contention, now raised in this collateral attack, was no doubt prompted by this court’s statement in the earlier opinion that “the prosecutor improperly revealed the nature of the prior offenses.” Our review of the transcript convinces us, as it convinced the trial court, that such did not in fact happen.
During his trial, Sheffield acknowledged he had previously been convicted of a felony. When asked how many felony convictions he had, he stated, “Two or three, maybe. You know I really am not sure.” When given another opportunity by the prosecutor to give a definitive answer to the question, Sheffield stated, “It’s been a long time.” The prosecutor then, after an unreported bench conference, identified by date and name of crime three prior felonies of which Sheffield had been convicted in Alachua County. No facts pertaining to any of these charges were elicited by the prosecutor, and the trial court prohibited the prosecutor from going any further than asking Sheffield whether he remembered the convictions.
Since Sheffield did not answer the question concerning prior convictions in a straightforward manner, the prosecution properly sought to impeach him with his three prior felony convictions. Sheffield’s lawyer did not, by failure to object, allow the jury to hear any inadmissible matters. Sheffield does not allege that the prosecution did not have in hand certified copies of the three prior convictions. We further note that nothing in the brief exchange between the prosecutor and Sheffield revealed any factual matters concerning the crimes of which he had been convicted. We find no factual alie- *225 gations sufficient to require an evidentiary hearing.
AFFIRMED.
ZEHMER, C.J., and KAHN and BENTON, JJ., concur.