712 So.2d 834 (1998)
Joseph HAWES, Appellant,
v.
STATE of Florida, Appellee.
No. 97-0470.
District Court of Appeal of Florida, Fourth District.
July 8, 1998.
*835 Richard L. Jorandby, Public Defender, and Susan D. Cline, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Douglas J. Glaid, Assistant Attorney General, Fort Lauderdale, for appellee.
PER CURIAM.
The state concedes that appellant, a juvenile, cannot be convicted of attempted capital sexual battery, which requires the perpetrator to be over the age of eighteen. See § 794.011(2)(a), Fla. Stat. (1995). We therefore reverse appellant's conviction and remand with directions to enter a judgment of guilt for attempted sexual battery and to resentence appellant in accordance with the penalties provided for a second degree felony. See M.J.C. v. State, 681 So.2d 1203, 1203 (Fla. 5th DCA 1996).
If on resentencing the trial court intends to reduce appellant's sentence to less than twelve years imprisonment, in contravention of the plea bargain, the state should be given the option to vacate the judgment and sentence in their entirety and to take appellant to trial. See Cheney v. State, 640 So.2d 103, 105 (Fla. 4th DCA 1994) (citing Jolly v. State, 392 So.2d 54, 56 (Fla. 5th DCA 1981) (where sentence reduced in contravention of plea bargain, state should be given option of either agreeing to vacation of judgment and sentence and taking defendant to trial on all original charges or agreeing to vacation of excessive sentence only)).
WARNER, POLEN and SHAHOOD, JJ., concur.