713 So.2d 1115 (1998)
Kurt RICKMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 97-609.
District Court of Appeal of Florida, Fifth District.
July 24, 1998.
James B. Gibson, Public Defender, and Dee Ball, Assistant Public Defender, Daytona Beach, for Appellant.
*1116 Robert A. Butterworth, Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.
GOSHORN, Judge.
Pursuant to a plea agreement, Rickman agreed to plead no contest to burglary of a dwelling and grand theft of a shotgun in return for the State's agreement to drop two additional counts. The State further agreed not to assess 18 points on the scoresheet for possession of a firearm if Rickman rendered substantial assistance to the county drug unit. Because Rickman failed to assist the unit, the trial court included the 18 points in the scoresheet total and sentenced Rickman to 28 months' incarceration.[1]
The supreme court has since held that it is error to assess 18 points on a sentencing guideline scoresheet for possession of a firearm where possession is one of the essential elements of the crime for which a defendant is being sentenced. White v. State, 714 So.2d 440 (Fla.1998). Because the plea agreement was based on a fundamental infirmity, upon remand the State must be given the opportunity of either going to trial on all original counts or agreeing that the sentences should be vacated and Rickman be resentenced under a scoresheet exclusive of the 18 points. See Farmer v. State, 672 So.2d 639 (Fla. 5th DCA 1996); Hayes v. State, 598 So.2d 135 (Fla. 5th DCA 1992); Jolly v. State, 392 So.2d 54 (Fla. 5th DCA 1981).
REVERSED and REMANDED for further proceedings.
COBB and PETERSON, JJ., concur.
NOTES
[1] The sentence was at the low end of the range, calculated at 27.1 to 45.2 prison months.