767 So.2d 532 (2000)
Arthur PARKER, Appellant,
v.
STATE of Florida, Appellee.
No. 5D99-3349.
District Court of Appeal of Florida, Fifth District.
August 11, 2000.
*533 Arthur Parker, Chipley, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Kellie A. Nielan, Assistant Attorney General, Daytona Beach, for Appellee.

ON MOTION FOR REHEARING
W. SHARP, J.
The appellee's motion for rehearing is granted in part. The opinion issued in this case on June 16, 2000, is withdrawn, and the following opinion is substituted.
Parker appeals from the summary denial of his motion filed pursuant to Florida Rules of Criminal Procedure 3.850 and 3.800(a), which challenges his sentences for aggravated child abuse,[1] and child abuse[2] on the ground that they are unconstitutional. He alleges the sentences he received are longer than permitted under the guidelines were it not for the Crime Control Act of 1995, and that the statute violates the single subject rule of the Florida Constitution.[3] Parker received his sentences pursuant to a plea bargain, as a result of which the state dropped an additional count of aggravated child abuse.[4] We agree Parker has stated a legally sufficient claim.
The Florida Supreme Court has now ruled that the Crime Control Act of 1995 is unconstitutional. See Heggs v. State, 759 So.2d 620 (Fla.2000). Heggs applied to a direct appeal. However, a defendant seeking collateral relief may do so under Heggs if he or she can allege that the crime for which a sentence was received falls within the window period, and that the application of the unconstitutional statute resulted in his receiving a departure sentence. See Heggs; see also State v. Johnson, 616 So.2d 1 (Fla.1993); Freshman v. State, 730 So.2d 351 (Fla. 4th DCA 1999).
In this case, Parker falls within the window period because he alleges his crimes were committed after October 1, 1995 and he was charged on September 27, 1996. See Salters v. State, 758 So.2d 667 (Fla.2000). It appears also that Parker has sufficiently alleged that his sentence imposed under the 1995 guidelines could not have been imposed under the 1994 guidelines absent a departure. See Heggs; see also McCall v. State, 616 So.2d 10 (Fla.1993); Johnson v. State, 627 So.2d 114 (Fla. 1st DCA 1993). Specifically, he alleges that if he had been sentenced under the 1994 guidelines, he would have been sentenced to a maximum of 54 months. However, under the unconstitutional 1995 law, the range was 66.5 to 110 months and he received a sentence of 72 months.
A further complication arises in this case because the sentence received was imposed as part of a plea process, part of the quid pro quo, for which the state dropped an additional count of aggravated child abuse. Thus the remedy in this case is not an automatic resentencing.[5]
Accordingly we remand for further proceedings. On remand, the trial court can review the record and determine if the *534 plea agreement contemplated that Parker would receive a guidelines sentence. If guidelines considerations were not part of the plea agreement, relief can be denied. If they were, the state shall have the option of taking Parker to trial on all of the original charges, or resentencing him under the guidelines. See Rickman v. State, 713 So.2d 1115 (Fla. 5th DCA 1998); Jolly v. State, 392 So.2d 54 (Fla. 5th DCA 1981).
REVERSED and REMANDED. COBB and PLEUS, JJ., concur.
NOTES
[1] § 827.03(2), Fla. Stat. (1995).
[2] § 827.03(1), Fla. Stat. (1995).
[3] Art. III, § 6, Fla. Const.
[4] § 827.03(2), Fla. Stat. (1995).
[5] See Freshman v. State, 730 So.2d 351 (Fla. 4th DCA 1999); Gifford v. State, 744 So.2d 1046 (Fla. 4th DCA 1999); Hawes v. State, 712 So.2d 834 (Fla. 4th DCA 1998); Cheney v. State, 640 So.2d 103 (Fla. 4th DCA 1994).