765 So.2d 853 (2000)
John J. CAPIO Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-1314.
District Court of Appeal of Florida, Fifth District.
August 18, 2000.
John J. Capio, Madison, pro se.
No Appearance for Appellee.
PLEUS, J.
John Capio appeals the denial of his 3.800 motion "to define or clarify sentence," citing the supreme court's opinion in Heggs v. State, 759 So.2d 620 (Fla.2000), which held that the "Crime Control Act of 1995," chapter 95-184, Laws of Florida, violated the single subject rule and hence, was unconstitutional.
Even though Capio does allege that his 1997 crimes occurred during the applicable window period, he does not allege that the sentence imposed could not have been imposed under the 1994 guidelines.
We believe this appeal should be handled in the manner employed by this court in Parker v. State, 767 So.2d 532 (Fla. 5th DCA 2000), which dealt with similar circumstancesa defendant who entered into a plea agreement. Capio must first amend his motion and allege affirmatively the date of the offense or offenses for which he was sentenced and that the sentence imposed could not have been imposed under the 1994 guidelines. See Heggs v. State, 759 So.2d 620 (Fla.2000); Parker. Since Capio entered guilty pleas in his 1997 cases, the trial court, upon receipt of his amended motion, will have to determine whether he is entitled to relief. For example, if no charges were dropped or reduced by the state in return for the plea, and if the agreement was for a guidelines sentence, *854 and if under the more lenient 1994 guidelines his 51-month sentence would constitute a departure, he could be entitled to resentencing under Heggs. See also Trapp v. State, 760 So.2d 924 (Fla.2000). If, on the other hand, the state made any sort of concession in return for the plea, the state would have the option of withdrawing from the plea agreement and taking Capio to trial on the original charges. See Parker; Rickman v. State, 713 So.2d 1115 (Fla. 5th DCA 1998); Jolly v. State, 392 So.2d 54 (Fla. 5th DCA 1981).
Accordingly, we affirm the trial court's order, but without prejudice to Capio to refile a facially sufficient rule 3.800(a) motion, or alternatively, to file a rule 3.850 motion to withdraw his plea.
AFFIRMED.
THOMPSON, C.J., and COBB, J., concur.