THOMPSON, C.J.
Oliver Clay Perrin appeals the denial of his motion for post-conviction relief.
Perrin alleged that he was entitled to relief under Heggs v. State, 759 So.2d 620 (Fla.2000). The trial court ruled that Per-rin was not entitled to relief because “a recalculation of the scoresheet using the 1994 guidelines reveals that there is no changes in score.” The court erred in failing to attach the scoresheet to the order denying relief. See, e.g., Meyers v. State, 740 So.2d 1259 (Fla. 5th DCA 1999) (reversing and instructing trial court to attach portions of the record refuting defendant’s claim). We nevertheless affirm the order. To obtain relief under Heggs, the person seeking relief must allege that he was sentenced between 1 October 1995 and 24 May 1997. See Trapp v. State, 760 So.2d 924 (Fla.2000). Second, the person seeking relief must allege that the sentence received would have been a departure sentence under the 1994 guidelines. *1173 See Heggs. Although the date of Perrin’s offense fell within the window period, Per-rin failed to allege that the sentence he received, 70 months incarceration, would have been a departure under the 1994 guidelines.
Accordingly, the order denying relief is affirmed without prejudice to Perrin’s filing a motion making the required allegations.
AFFIRMED without prejudice.
W. SHARP, and SAWAYA, JJ., concur.