THOMPSON, C.J.
Jay Austin Gray appeals the denial of his Rule 3.800(a) motion. We reverse with directions to the trial court.
Gray entered pleas of guilty to Felony DUI, and Driving While License Suspended, Revoked, or Canceled (“DWLS”). The trial court sentenced him in May 1997 to a 75 month sentence for the Felony DUI, and time served for the DWLS. In April 2000, Gray filed a Rule 3.800 motion to correct illegal sentence, arguing that he was entitled to be resentenced pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000). In Heggs, the supreme court held the “Crime Control Act of 1995,” Chapter 95-184, Laws of Florida, was unconstitutional because it violated the single subject rule. However, the court held that a defendant would not be entitled to relief unless the challenged sentence would have been a departure under the 1994 guidelines. In the instant case, the trial court denied Gray’s motion stating that his sentence would have been the same under the 1994 guidelines. Because the court failed to attach the score sheet to the order denying relief, we cannot determine if Gray is entitled to relief. See Perrin v. State, 768 So.2d 1172 (Fla. 5th DCA 2000). We therefore reverse the order on appeal and remand for attachment of documents refuting Gray’s claim.
We note that even if Gray is correct in his assertion that his sentence would have been shorter under the earlier guidelines, he is not necessarily entitled to the relief he seeks. In Parker v. State, 767 So.2d 532 (Fla. 5th DCA 2000), this court concluded:
A further complication arises in this case because the sentence received was imposed as part of a plea process, part of the quid pro quo, for which the state dropped an additional count of aggravated child abuse. Thus the remedy in this case is not an automatic re-sentencing.
Accordingly we remand for further proceedings. On remand, the trial court can review the record and determine if the plea agreement contemplated that Parker would receive a guidelines sentence. If guidelines considerations were not part of the plea agreement, relief can be denied. If they were, the state shall have the option of taking Parker to trial on all of the original charges, or re-sentencing him under the guidelines. See Rickman v. State, 713 So.2d 1115 (Fla. 5th DCA 1998); Jolly v. State, 392 So.2d 54 (Fla. 5th DCA 1981) (footnote omitted).
In the instant case, Gray entered a plea, so he would not necessarily be entitled to resentencing. The state could either agree to a guideline sentence or withdraw from the plea agreement and go to trial on the original charges. See Parker; see also Capio v. State, 765 So.2d 853 (Fla. 5th DCA 2000) (holding in a Heggs claim, if the state made any sort of concession in return for the plea, the state would have the option of withdrawing from the plea agreement and taking the defendant to trial on the original charges); Spacco v. State, 762 So.2d 597 (Fla. 5th DCA 2000) (since the sentence was the result of a negotiated plea, the state shall have the option of agreeing to a Heggs sentence under the 1994 guidelines, or withdrawing from the plea bargain and taking defendant to trial); Lancaster v. State, 764 So.2d 835 (Fla. 5th DCA 2000) (if it appears that defendant is entitled to relief under Heggs, on remand the state must be given the opportunity of either going to trial or agreeing that defendant be re-sentenced under a 1994 scoresheet, because the plea agreement was based on a fundamental infirmity).
REVERSED and REMANDED.
W. SHARP, and HARRIS, JJ., concur.