MONACO, J.
The appellant, Shawn Forsythe, appeals the trial court’s granting of the state’s motion to set aside his plea. For the reasons set forth herein we find no error and affirm.
The appellant was originally charged with first-degree murder and conspiracy to commit armed robbery. The State and the appellant entered into a plea agreement in which the appellant agreed to plead guilty to the lesser included offense of second degree murder, in exchange for which the State agreed to nol pros the conspiracy count, and to recommend a sentence of 12 years in state prison, followed by 10 years of probation. The plea agreement was conditioned upon the appellant’s willingness “to testify truthfully, consistent with his prior truthful statement (to law enforcement),” at future depositions and trials of co-defendants. The plea agreement was accepted by the court. Thereafter the court adjudicated the appellant guilty, but deferred sentencing.
The appellant later gave deposition testimony with respect to a co-defendant. The State concluded that the testimony was not consistent with the statement that the appellant had given earlier to law enforcement, and filed a timely motion to vacate the plea and reinstate the original charges. After an evidentiary hearing, the trial court granted the motion, allowed the State to withdraw from the plea agreement, and set the case for trial.
Eventually, the appellant again pled guilty to second-degree murder in accordance with a new plea agreement calling for a sentence of 15 years in state prison, followed by 10 years of probation. The trial court accepted the new agreement, while allowing the appellant to reserve for appeal the order setting aside the original plea.
The issue presented for our consideration is whether the trial court abused its discretion in allowing the state to withdraw from the original plea agreement. See Robinson v. State, 761 So.2d 269 (Fla.1999). Pleas are governed generally by Rule 3.170, Florida Rules of Criminal Procedure. Subsection (g) of that rule specifically addresses the vacation of pleas. That rule says, among other things, that, “Whenever a plea agreement requires the defendant to comply with some specific terms, those terms shall be expressly made a part of the plea entered in open court.” Thereafter, the rule provides that, “The state may move to vacate a plea and sentence within 60 days of the defendant’s noncompliance with the specific terms of a plea agreement,” and describes a procedure to be followed in implementing the vacation.
*442 Once a defendant reneges on the plea agreement, the state has the option of withdrawing from the agreement, and either going to trial or seeking a new agreement. Cf., Latiif v. State, 787 So.2d 834 (Fla.2001); Gray v. State, 774 So.2d 809 (Fla. 5th DCA 2000); Parker v. State, 767 So.2d 532 (Fla. 5th DCA 2000); see also Capio v. State, 765 So.2d 853 (Fla. 5th DCA 2000). After all, if a criminal defendant does not feel so bound by the terms of a plea agreement that he or she will comply with it, then the state is likewise not bound. See Jolly v. State, 392 So.2d 54 (Fla. 5th DCA 1981).
Here, the proper procedure was followed, and the trial judge appropriately exercised his discretion in allowing the state to withdraw from the plea agreement.
AFFIRMED.
SAWAYA and PALMER, JJ., concur.